**ALAI`ASA FILIFILI MAILEI, Plaintiff,**

**v.**

**LEPOPOLE FAUMUINA and FANENE AIPOPO LAULU
for the FANENE FAMILY, Defendants.**

---

**ALAI`ASA FILIFILI for the ALAI`ASA FAMILY, Claimant,**

**v.**

**TUIA`ANA MOI for the TUIA`ANA FAMILY,
MOEA`I UILIATA for the MOEA`I FAMILY,
and SEIGAFO E. SCANLAN, Objectors.**

---

**ALAI`ASA FILIFILI MAILEI, Plaintiff,**

**v.**

**FANENE AIPOPO LAULU, FONOTI TAFA`IFA,
TUIA`ANA MOI, MOEA`I FAMILY,
and TAUILIILI PEMERIKA, Defendants.**

---

**ALAI`ASA FILIFILI M., Claimant,**

**v.**

186

**TUITOGA PUAILOA FANENE, FANENE A. LAULU
for FANENE FAMILY MEMBERS, TUIA`ANA MOI,
ISEULAOLEMOANA S. SOTOA, Legal Representative of the
ESTATE OF SALOFI R. SOTOA, PEMERIKA TAUILIILI,
LAUMA VALOAGA V. MOANANU,
and FONOTI TAFA`IFA, Objectors.**

LT No. 12-90
LT No. 76-90
LT No. 77-90
LT No. 78-90
LT No. 14-96
LT No. 25-96

January 15, 1998

Before RICHMOND, Associate Justice, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff/Claimant Alai`asa Filifili Mailei for the Alai`asa Family, Tautai A.F. Faalevao

For Defendant/Objector Fanene Aipopo Laulu for the Fanene Family, Defendant Lepopole Faumuina, Defendant/Objector Tauiliili Pemerika, and Objectors Iseulaolemoana S. Sotoa, Legal Representative of the Estate Salofi R. *Sotoa,* and Tuitoga *Puailoa Fanene,* Charles V. Ala`ilima

For Defendant/Objector Tuia`ana Moi for the Tuia`ana Family, Asaua Fuimaono

For Objectors Moea`i Uiliata for the Moea`i Family and Lauma Valoaga V. Moananu and Defendant Moea`i Family, Aumoeualogo Salanoa Soli

For Objector Seigafo E. Scanlan, *Pro Se*

For Defendant/Objector Fonoti Tafa`ifa, Afoa L. Su`esu`e Lutu

ORDER DISMISSING MOTION FOR RECONSIDERATION, DENYING MOTION TO STAY AWARD OF ATTORNEY'S FEES AND COSTS, SETTING AMOUNTS OF ATTORNEY'S FEES AND COSTS, AND IMPOSING SANCTIONS UNDER T.C.R.C.P. 11.

On August 5, 1997, the court's opinion and order was entered in these actions. In essence, we dismissed these actions, pursuant to T.C.R C.P. 41(b), as they relate to claims by plaintiff/claimant Alai`asa Filifili Mailei ("Alai`asa Filifili") for the Alai`asa Family (collectively "the Alai`asa") to certain lands awarded by this court in *Tuutau v. Fanene,* Case No. 1-1931 (1932) ("Case No. 1-1931") to defendant/objector Fanene Aipopo for the Fanene family (collectively "the Fanene"), and in *Fanene v. Magalei,* LT Nos. 64-77, 74-77, 54-77, 61-74, 60-77, 66-77, 73-77, 1090-70, 62-77, and 72-76 (Land & Titles Div. 1980) ("the 1977 actions") to the Fanene, defendant/objector Fonoti Tafa`ifi for the Fonoti family (collectively "the Fonoti"), defendant/objector Tauiliili Pemerika ("Tauiliili"), objector Iseulaolemoana S. Sotoa, Legal Representative of the Estate of Salofi R. Sotoa ("Sotoa") and defendant/objector Tuia`ana

188

Moi for the Tuia'ana Family (collectively "the Tuia'ana").

The court ordered attorney's fees and costs to be paid by the Alai'asa to the Fanene, the Fonoti, Tauiliili, Sotoa, and the Tuia'ana. In addition, the court ordered Alai'asa Filifili and the Alai'asa's counsel to show cause why either or both of them should not be sanctioned for violations of T.C.R.C.P. 11(b)(1), (2), or (3) in prosecuting these actions. We scheduled hearings on the amount of the awarded attorney's fees and costs and on the order to show cause on the Rule 11 sanctions for August 18, 1997.

On August 18, 1997, the court, at the Alai'asa's request, continued the hearings on the amount of the attorney's fees and costs and the order to show cause on Rule 11 sanctions to September 4, 1997. The court also established a deadline of August 22, 1997, for the Fanene, the Fonoti, Tauiliili, Sotoa, and the Tuia'ana to submit verified statements on the amount of their claims for attorney's fees and costs.[1] Later, on August 18, 1997, the Alai'asa moved for reconsideration of the opinion and order, and to stay the award of attorney's fees and costs and the imposition of Rule 11 sanctions. The hearing on these motions was also scheduled for September 4, 1997.

The court heard these pending matters on September 4, 1997. All counsel were present.

## Discussion

### A. Motion for Reconsideration of the Opinion and Order

A.S.C.A. § 43.0802(a) states:

> Before filing a notice of appeal, a motion for a new trial shall be filed within 10 days after the announcement of the judgment. . .

The opinion and order was entered on August 5, 1997. The tenth day later, Friday, August 15, 1997, was a court work day. The motion for reconsideration was not filed until Monday, August 18, 1997, thirteen days after entry of the opinion and order. Filing a motion for a new trial after the tenth day is excusable, but only if the tenth day falls on a

---

[1] The Tuia'ana's counsel was not present at the hearing on August 18, 1997. However, Tuia'ana Moi was in the audience and was specially instructed on the deadline for submitting a certified statement on the amount of the Tuia'ana's claim for attorney's fees and costs. The Fanene, The Fonoti, Tauiliili, and Sotoa filed timely claims. The Tuia'ana have not filed any claim to this date.

Saturday, a Sunday, or a holiday. T.C.R.C.P. 6(a); *Pal Air Int'l, Inc. v. Samoa Aviation, Inc.*, 1 A.S.R.3d 1, 2 (Appellate Div. 1997).

Since the filing was late and the delay was not excusable under Rule 6 (a), this court does not have jurisdiction to consider Alai`asa's motion for reconsideration. Therefore, the motion for reconsideration will be dismissed.

B. Motion to Stay Award of Attorney's Fees and Costs and Imposition of Rule 11 Sanctions

The Alai`asa are requesting the court to stay, pending appeal, the award of attorney's fees and costs and imposition of sanctions pursuant to T.C.R.C.P. 11.

The trial court has the power to stay a judgment or order while an appeal is pending. T.C.R.C.P. 62(d). Indeed, an application for a stay pending appeal is properly brought before the trial court in the first instance. A.C.R. 8(a). However, a stay pending appeal necessarily assumes that an appeal is pending. A notice instituting an appeal of a judgment or order of the Land and Titles Division cannot be filed until, and must be filed within ten days after, the court denies a motion for reconsideration or new trial. A.S.C.A. § 43.0802(b); A.C.R. 4(a)(1).

Since no appeal is pending in this action, the present motion for a stay pending appeal is premature. Therefore, the motion to stay the award of attorney's fees and costs and the imposition of Rule 11 sanctions will be denied.

C. Amount of Reasonable Attorney's Fees and Costs Awarded

We establish reasonable attorney's fees for this action at $125 per hour for trial time and $100 per hour for office and other court time. Based on the clerk's minutes of the trial, we will apply the trial rate for attorney's fees to 2.0 hours. We will use the time submitted by counsel to calculate the amount of attorney's fees for office and other court time. Costs will also be based on counsel's submissions.

Using these standards, we determine the amounts of reasonable attorney's fees and costs awarded in this action as follows:

1. For the Fanene (former counsel Malaetasi Togafau)

Attorney's fees

Trial time, 20 hours at $125 per hour: $2,500.00

Office and other court time,
15 hours at $100 per hour: 1,500.00
 Sub total 4,000.00

Costs 2,050.00
 Total $6,050.00

2. For the Fonoti (counsel Afoa L. Su`esu`e Lutu)

Attorney's fees

Trial Time, 20 hours at $125 per hour: $2,500.00
Office and other court time,
18.8 hours at $100 per hour: 1,880.00
 Sub-total 4,380.00

Costs 250.00
 Total $4,630.00

3. For Tauiliili and Sotoa (counsel Charles V. Ala`ilima)

Attorney's fees

Trial time, 20 hours at $125 per hour: $2,500.00
Office and other court time,
13.9 hours at $100 per hour: 1,390.00
 Sub-total 3,890.00

Costs 590.50
 Total $4,480.50

The Alai`asa should pay the established amounts of reasonable attorney's fees and costs incurred in this action directly to the respective counsel, as listed, for the Fanene, the Fonoti, and Tauiliili and Sotoa. Each counsel should properly distribute the funds among his cost providers, his clients, and himself.

D. Rule 11 Sanctions Imposed

The standards established by T.C.R.C.P. 11(b) state in relevant part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under

the circumstances, --

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

Rule 11(c) provides:

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) . . . .

■ The sanction imposed "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated" and may require "payment to the movant of some or all of the reasonable attorney's fees and other expenses incurred as a result of the violation." T.C.R.C.P. 11(c)(2). Even though it is the attorney whose signature violates Rule 11, sanctions may be imposed on a client in appropriate circumstances. *See Browning Debenture Holders Committee v. DASA,* 560 F.2d 1078 (2d Cir. 1977). Monetary sanctions may not be imposed on a represented party for a violation of Rule 11(b)(2), T.C.R.C.P. 11(c)(2)(A), but may be imposed for a violation of Rule 11(b)(1), (3), or (4).

■ The Fanene, the Fonoti, Tauiliili, and Sotoa requested payment of their attorney's fees and costs in their respective motions to dismiss. In our opinion and order of August 5, 1997, we advised Aliai`asa Filifili and Tautai A.F. Faaleavao, counsel for Alai`asa and the Alai`asa ("counsel"), that the court would consider whether the prosecution of these actions constituted violations of Rule 11(b)(1), (2), or (3). We further provided Alai`asa Filifili and counsel the factual basis for considering the imposition of Rule 11 sanctions:

The Alai`asa have initiated litigation by these consolidated actions challenging the previously adjudicated ownership of large parcels of land. Most of the owners awarded these lands have also registered title to their lands. The Alai`asa causes of

action were without merit *ab initio*. They have created clouds on the owners' titles and disparaged the court's decisions, at least for the duration of this litigation. Their actions have seriously disrupted the order intended under our land tenure system. They have wasted judicial resources. They have caused the landowners considerable and enduring emotional distress and expenditure of substantial and unnecessary time and money in defending their titles.

The undesirable effects of relitigating claims are unnecessary. They are readily avoidable if attorneys and their clients thoroughly research and clearly think through the issues. We need to send a message to attorneys and their clients that this kind of litigation is inappropriate and will bring serious consequences.

We gave Alai`asa Filifili and counsel opportunity to respond at an order to show cause hearing. They replied by a written memorandum filed on September 3, 1997 and reiterated the substance of the points made in this document at the hearing on September 4, 1997. None of their arguments are persuasive.

■ First, Alai`asa and counsel erroneously contend that Rule 11 is inapplicable to land actions, because the rule was not specifically adopted for proceedings in the Land and Titles Division. Land cases are civil proceedings and do not lose that characteristic simply because a separate organizational division of the trial court is established by A.S.C.A. §3.0208 to hear land and *matai* title controversies. Though Rule 11 is found in the civil procedure rules, the rule and the ethical standards set forth judicial enforcement historically. *See West's Federal Civil Judicial Procedure and Rules* at 63-65, Advisory Committee Notes, 1983 Amendment (1996). The court is expressly exempted from the APA's application. A.S.C.A. § 4.1001(a).

■ Alai`asa Filifili and counsel have unduly harassed the Fanene, the Fonoti, Tauiliili, and Sotoa by the prosecution of these actions and caused them needless legal expense to defend their land titles. Accordingly, we hold Alai`asa Filifili and counsel in violation of T.C.R.C.P. 11(b)(1). In addition, counsel has submitted and advocated legal contentions that are unwarranted by existing law, or are frivolous arguments for the modification or reversal of existing law or the creation of new law. Thus, we also hold counsel in violation of T.C.R.C.P. 11(b)(2).

The appropriate sanctions in these actions, for Alai`asa Filifili's and counsel's violations of T.C.R.C.P. 11(b)(1) and for counsel's violation of

T.C.R.C.P. 11(b)(2), to deter repetitious conduct or comparable conduct by others similarly situated are to hold Alai`asa Filifili and counsel personally responsible for the payment of the reasonable attorney's fees and costs awarded to the Fanene, the Fonoti, Tauiliili, and Sotoa. Thus, Alai`asa Filifili, the Alai`asa's *sa`o,* and their counsel, Tautai A.F. Faalevao, will be jointly and severally liable for payment of the attorney's fees and costs set by this order to the Fanene, The Fonoti, Tauiliili, and Sotoa.

E. Clerical Corrections

Several clerical mistakes in the opinion and order of August 5, 1997, have come to the court's attention for correction under T.C.R.C.P. 60(a).

1. Page 2, list of counsel: objector Lauma Valoaga V. Moananu is deleted as party represented by counsel Charles V. Ala`ilima, and is listed as a party represented by counsel Aumoeualogo Salanoa Soli.

2. Page 5, line 4 of third full paragraph: delete "a member of the Fanene but" in the parentheses after the name Tuitoga Puailoa Fanene.

3. Page 7, line 3 of the first full paragraph: change "1090-90" to "1090-70."

4. Page 24, line 5 of the second full paragraph: change the list of names to read "the Fanene, the Fonoti, Tauiliili, Sotoa, and Tuia`ana.

### Order

1. The Alai`asa's motion for reconsideration is dismissed.

2. The Alai`asa's motion to stay pending appeal the award of attorney's fees and costs and the, imposition of sanctions under T.C.R.C.P. 11 is denied.

3. The Alai`asa shall pay directly to the respective counsel of each party the following attorney's fees and costs:

| | Atty's Fees | Costs | Total |
|---|---|---|---|
| To the Fanene: | $4,000.00 | $2,050.00 | $6,050.00 |
| To the Fonoti: | $4,380.00 | $250.00 | $4,630.00 |
| To Tauiliiii and Sotoa: | $3,890.00 | $590.50 | $4,480.50 |

The respective counsel for the Fanene, the Fonoti, and Tauiliili and Sotoa shall promptly and properly distribute these funds among their cost providers, their clients, and themselves.

194

4. Alai`asa Filifili and counsel are in violation of T.C.R.C.P. 11(b)(1) in the prosecution of these actions. Counsel is also in violation of T.C.R.C.P. 11(b)(2). As sanctions, Alai`asa Filifili and counsel are jointly and severally liable for payment of the attorney's fees and costs set forth in paragraph 3 of this order.

5. The clerical mistakes in the opinion and order are corrected as set forth in part E of the discussion in this order and shall be incorporated in the published report of this decision.

It is so ordered.